Case 4:03-cv-04359   Document 181   Filed in TXSD on 11/30/16   Page 1 of 4

United States District Court
Southern District of Texas

**ENTERED**
November 30, 2016
David J. Bradley, Clerk

```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION
In Re ENRON CORPORATION          §
SECURITIES, DERIVATIVE &         §         MDL 1446
"ERISA" LITIGATION,              §
                                 §
─────────────────────────────────
MARK NEWBY, ET AL.,              §
                                 §
          Plaintiffs             §
                                 §
VS.                              §         CIVIL ACTION NO. H-01-3624
                                 §            AND CONSOLIDATED CASES
ENRON CORPORATION, ET AL.,       §
                                 §
          Defendants             §
─────────────────────────────────
SAMUEL GIANCARLO, Individually   §
and on Behalf of All Others      §
Similarly Situated,              §
                                 §
          Plaintiffs,            §
                                 §
VS.                              §         CIVIL ACTION NO. H-03-4359
                                 §              COORDINATED CASE
UBS FINANCIAL SERVICES, INC.,    §
UBS SECURITIES, L.L.C., UBS AG   §
and UBS O'CONNOR, L.L.C.,        §
                                 §
          Defendants.            §
```

## OPINION AND ORDER DENYING MOTION TO RECONSIDER

Pending before the Court in the above referenced cause is an opposed motion for reconsideration of the Court's August 2, 2016 Opinion and Order of Dismissal (#175), filed by Plaintiffs Samuel Giancarlo and Dr. Carlos Alsina, Individually and on Behalf of All Others Similarly Situated, along with a request that the Court grant Plaintiffs leave to file a Second Amended Complaint (#176).

### Standard of Review

Although the Federal Rules of Civil Procedure do not recognize a general motion for reconsideration, courts address such motions under Rule 54(b) for interlocutory orders or under Rules 59(e) (a motion to alter or amend) and 60(b) (a motion for relief from

final judgments). *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009), *citing Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991). The Court's August 2, 2016 Opinion and Order of Dismissal was a final judgment. Whether such a motion falls under Rule 59(e) or 60(b) depends on the time in which it is filed. If filed within twenty-eight days of the final judgment it is governed by Rule 59(e); after that time it is governed by Rule 60(b). *Barry v. Medtronic, Inc.*, Civ. A. No. 1:14-cv-104, 2015 WL 10936047, at *1 (E.D. Tex. Aug. 28, 2015). The instant motion was filed within 28 days and is thus governed by Rule 59(e).

Rule 59(e) motions "'serve the narrow purpose of allowing a party to correct manifest error of law or fact or to present newly discovered evidence.'" *Basinkeeper v. Bostick*, No. 15-30952, 2016 WL 4709860, at *3 (5th Cir. Sept. 8, 2016), *citing Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). Given this narrow purpose, the Fifth Circuit has found that "'[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'" *Id., citing Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). *See also McGillivray v. Countrywide Home Loans, Inc.*, 360 Fed. Appx. 533, 537 (5th Cir. Jan. 11, 2010) (finding that the district court may grant a Rule 59(e) motion if there is "an intervening change in the controlling law" or "to correct a clear error of law or prevent manifest injustice"), *citing In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir.

2002).  "[T]he standards applicable to Rule 59(e) . . . favor denial of motions to alter or amend a judgment."  *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).  District courts have wide discretion in deciding whether to grant such a motion and reopen a case.  *Johnson v. Diversicare Afton Oaks, L.L.C.*, 597 F.3d 673, 677 (5th Cir. 2010).  A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."  *Id., citing Simon v. U.S.*, 891 F.2d 1154, 1159 (5th Cir. 1990).  Where the motion asserts discovery of new evidence, it should only be granted if "'(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching.'"  *Johnson*, 597 F.3d at 677, *quoting Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003).

The Fifth Circuit has affirmed the denial of leave to amend when the movant has "engaged in undue delay."  *Goldstein v. MCI Worldcom*, 340 F.3d 238, 254 (5th Cir. 2003), *citing Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992).  It has also affirmed court decisions where the movant has tried to present theories of recovery serially to the district court.  *Southern Constructors*, 2 F.3d at 612.

After reviewing the record and the applicable law, the Court fully concurs with the opposition memorandum of law filed by Defendants UBS Securities, L.L.C. (f/k/a UBS Warburg, L.L.C.), UBS Financial Services, Inc. (f/k/a Paine Webber, Inc.) and UBS AG (collectively, "Defendants"). Plaintiffs fail to meet the standards for granting their motion for reconsideration. As detailed in Defendants' memorandum, Plaintiffs repeat and rehash old arguments and fail to identify manifest errors of fact or law, and they unreasonably delayed in moving to reconsider the Court's March 2012 denial of their motion for leave to file a second amended complaint as also untimely (#156).

Accordingly, the Court

ORDERS that Plaintiffs' motion to reconsider (#176) is DENIED.

**SIGNED** at Houston, Texas, this  30th  day of  November , 2016.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE